

FILED

JUL 18 2019

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JIMMY LEE MEDINA,<br><br>Petitioner,<br><br>vs.<br><br>LYNN GUYER,<br><br>Respondents. | Cause No. CV 19-43-H-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On June 26, 2019, Petitioner Jimmy Lee Medina filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Medina is a state prisoner proceeding pro se.

Medina challenges 2018 judgments handed down in Montana's Fourth Judicial District Court, Missoula County, and Montana's Sixth Judicial District, Park County. (Doc. 1 at 2, ¶¶1-2.) Following guilty pleas, Medina was convicted of Burglary and Criminal Possession of Dangerous Drugs. *Id.* at 3, ¶¶ 3-5.

Medina alleges his Fourteenth Amendment right to Due Process was

---

[1] Under the "prison mail box rule" a prisoner's federal habeas corpus petition is deemed filed when it is presented to prison authorities for mailing to the district court. *Houston v. Lack*, 487 U.S. 266 (1988).

1

violated when he was denied witnesses and documentary evidence during a prison disciplinary hearing, which resulted in his loss of release on parole. *Id.* at 4, ¶13(A). Medina claims he is now parole eligible, but remains incarcerated due to abuses committed by prison authorities during his disciplinary hearings. *Id.*

Medina asks this Court to order an injunction and restore 471 days of clear conduct. He also requests an order for his immediate release from Montana State Prison to parole status. *Id.* at 7, ¶16. Medina notes that he has filed a companion action under 42 U.S.C. §1983.[2] *Id.* at 6, ¶14.

## I. Motion to Proceed in Forma Pauperis

Medina seeks leave of the Court to proceed in forma pauperis. (Doc. 2.) After reviewing the motion and supporting account statement, it appears Medina has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

## II. Analysis

For the reasons discussed below, Medina's petition should be dismissed because the claims he advances relative to his current custody have not yet been exhausted. Dismissal should be without prejudice.

Federal courts may not grant a writ of habeas corpus brought by an

---

[2] A civil complaint was filed on July 1, 2019, in *Medina v. Graham, et. al.*, CV-19-44-H-BMM-JTJ.

2

individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* See also *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971), and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

Medina's own filings make it clear that he has not presented his claims to the state courts in a petition for postconviction relief, (Doc. 1 at 4, ¶10), or in a petition for writ of habeas corpus. *Id.* at ¶12; see also, ¶13(A)(ii)-(v). Accordingly, there are still remedies available to Medina under state law, including collateral and extraordinary review; Medina has not exhausted his state remedies. 28 U.S.C. §2254(c). Because Medina has not yet exhausted his available state

court remedies, this Court cannot review the claim. See, *Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is without prejudice and Medina may return to this Court if and when he fully exhausts the claims relative to his current custody.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Medina has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A

certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

## ORDER

Medina's motion to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

## RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Medina may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Medina is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

<u>Mr. Medina must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 18th day of July, 2019.

                                    */s/ John Johnston*
                                    John Johnston
                                    United States Magistrate Judge